CUTRER, Judge.
The single issue on appeal is whether a judgment is effective against third parties from the time it is filed with a Deputy Clerk of Court in open court or is it effective against third parties only when it is physically filed within the confines of the Clerk of Court’s office.
The undisputed facts are that plaintiff, Howell D. Jones, was the owner of a Vfe interest in immovable property located in Rapides Parish, Louisiana. One of the co-owners, Dimitri J. Filostrat, sold his Vfc interest to two other co-owners plus three other persons by deed dated September 14, 1977. This deed was filed in the Clerk’s office on the same day and the deed was stamped “Filed and Recorded, P. M. Dyer, Jr., Clerk of Court and Recorder 77 Sep 14 A 11:09.” This was signed by a deputy clerk.
It was stipulated that on the same day, September 14, 1977, a money judgment was rendered and signed in open court. The judgment rendered in favor of Nationwide Financial Corporation and against Dimitri Filostrat, Jr., was then handed to the court’s minute clerk, who stamped and signed same as follows: “Filed in Open Court September 14, 1977, Catherine Sue White Deputy Clerk of Court, Court Reporter”. It was agreed that the minute clerk signed same at approximately 9:55 A.M., which filing was prior to the filing of the deed. According to the custom of the Rapides Parish Clerk of Court, the court’s minute clerk or deputy clerk, at some subsequent time, either the same day or possibly at a subsequent day, would deliver any judgment filed in open court to the office of the Clerk of Court and enter same in a looseleaf notebook known as a “Judgment Book.” Judgments were not stamped by use of the time machine as was done with deeds, mortgages, and other instruments affecting immovables. It is conceded that the judgment in question was not entered in the “Judgment Book” until some time after the filing of the deed at 11:05 A.M.
The plaintiff later requested a mortgage certificate from the Clerk of Court to be issued on the subject property in the name of Dimitri Filostrat or Dimitri J. Filostrat, Jr. (Apparently Filostrat used both names.) The certificate, dated December 16, 1977, listed a judicial mortgage arising from the filing of the judgment in question.
The plaintiff filed suit seeking a writ of mandamus to compel P. M. Dyer, Clerk of Court and Ex-officio Recorder of Conveyances and Mortgages of Rapides Parish, to cancel the inscription of the judgment insofar as it affects the plaintiff’s property described in the deed. Nationwide Finance Corporation was also ordered to show cause why the writ should not issue. From a judgment making the writ peremptory and ordering the Clerk to cancel the judgment insofar as it affects plaintiff’s property, only the Clerk of Court appealed.
The Clerk contends that the money judgment filed in open court with the minute clerk, who is a deputy clerk of court, is effective against third parties at the moment of such filing. The Clerk cites Article 253 of the Code of Civil Procedure[1] and several cases involving the timely filing of (1) reports with insurance companies, Reilly-Benton Co., Inc. v. Liberty Mutual Insurance Company, 278 So.2d 24 (La.1973); (2) *1269 nominations for public office with the Secretary of State, Jones v. Martin, 319 So.2d 456 (La.App. 1st Cir. 1975); (3) application for rehearing, McGee v. Southern Farm Bureau Casualty Insurance Co., 125 So.2d 787 (La.App. 3rd Cir. 1960); and (4) suits for the interruption of prescription, Johnston v. Nanney, 244 La. 959, 155 So.2d 196 (La. 1963); Saxon v. Fireman’s Insurance Co. of Newark, N. J., 224 So.2d 560 (La.App. 3rd Cir. 1969); Cupples v. Walden, 124 So.2d 613 (La.App. 3rd Cir. 1960). These authorities are not applicable to the case at hand. Those cases involve the filing of court proceedings and other matters which are unrelated to the filing of conveyances, judgments, mortgages or other documents that may affect the interest of third persons as to title to immovables.
The latest expression of the legislature on the subject matter at hand is found in LSA-R.S. 9:2721, which provides as follows:
“No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated; and neither secret claims or equities, nor other matters outside the public records shall be binding or affect such third parties.” [Emphasis added][2]
The language of this statute is clear. The judgment in question, in order to affect third persons, must be filed for registry in the office of the parish recorder. The filing of the judgment with the minute clerk in open court is not tantamount to filing the instrument in the office of the parish recorder. The clerk’s duties in the courtroom are within the scope of his authority as clerk of court[3] but not within the scope of his duties as recorder of mortgages and conveyances. The two offices are distinct. LSA-R.S. 44:71 provides:
“The clerks of the several district courts throughout the state, the parish of Orleans excepted, are ex officio parish recorders of conveyances, mortgages and other acts.” See also LSA-Const. Art. 5 § 28.
Until the judgment is actually delivered and filed for registry in the office of the parish recorder (clerk’s office), such judgment cannot be effective against third persons. It is undisputed that the judgment was delivered and filed for registry in the clerk’s office after the filing of the deed in question. Under these circumstances, the trial judge correctly made the writ peremp *1270 tory ordering the defendant to cancel the judgment insofar as it affected plaintiff’s property.
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Louisiana Code of Civil Procedure Article 253 provides:
“All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law.”

. Further support that filing must be in the office of the recorder is found in the following Civil Code articles:
Civil Code Article 2254 provides:
“It shall be the duty of the recorder to indorse on the back of each act deposited with him the time it was received by him, and to record the same without delay in the order in which they were received; and such acts shall have effect against third persons only from the date of their being deposited in the office of the parish recorders." [Emphasis added]
Civil Code Article 2264 provides:
“No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder, or register of conveyances of the parish where such immovable property is situated.” [Emphasis added]
Civil Code Article 2266 provides:
“All sales, contracts and judgments affecting immovable property, which shall not be so recorded [as required by Art. 2265], shall be utterly nuil and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
“The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.” [Emphasis added]

. LSA-R.S. 13:910 provides in part as follows:
“. . The clerk, with the approval of the court, may appoint deputy clerks to perform the duties of minute clerks, and these need not be residents of the parish from which they are appointed. When directed by the court, a minute clerk shall administer the oath required by law of all witnesses and jurors, and shall file all documents and exhibits offered in open court. A minute clerk shall keep and transcribe the minutes of the court when in session, and shall perform such other duties as may be assigned by law, the court, or the clerk with the approval of the court.”