LEMMON, Justice.
The issue in this case is the applicability of the two-year prescriptive period provided in C.Cr.P. art. 578.
On April 16, 1973 defendant, while serving a five-year sentence for burglary, escaped from the custody of the Louisiana Department of Corrections.
Shortly thereafter, on April 25, 1973, the district attorney filed a bill of information charging defendant with the offense of simple escape. In 1974 Ohio police arrested defendant in that state and notified law enforcement officials in Louisiana. However, Ohio authorities released defendant after thirty days elapsed without receipt of extradition papers from Louisiana. The proper documents arrived two days after defendant’s release. Given this opportunity, defendant kept his whereabouts unknown until he was again arrested in Ohio in June, 1979.
Defendant thereafter moved to quash the 1973 bill of information on the basis that the two-year period of prescription established in C.Cr.P. art. 578 had elapsed.[1] The trial court quashed the bill, and this court granted the prosecution’s application for certiorari. 389 So.2d 393.
C.Cr.P. art. 579 provides:
“The period of limitation established by Article 578 shall be interrupted if:
“(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or “(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
“The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.”
The record clearly established that defendant, for the purpose of avoiding apprehension and/or prosecution for the escape, not only fled from the state, but also was outside the state and was absent from his usual place of abode within the state. See State v. Montgomery, 257 La. 461, 242 So.2d 818 (1970). Accordingly, the prosecution met its burden of proving interruption of the period of prescription that had begun to accrue when the bill of information was filed in 1973.[2]
Defendant contends, however, that since under Article 579(2) his presence for trial could have been obtained by legal process (extradition) during his thirty-day detention in Ohio, prescription began to run anew in 1974 and accrued in 1976.
Even if we accept defendant’s contention that his detention in Ohio subjected him to extradition and terminated the existence of the cause of interruption of pre *847 scription, the interruption began anew when the detention ended and defendant again became a fugitive, thereafter remaining either outside the state or absent from his usual place of abode in this state for the obvious purpose of avoiding apprehension and prosecution.
Accordingly, the judgment of the trial court is set aside, the motion to quash the bill of information is overruled, and the matter is remanded for further proceedings.

Judgment Granting Motion to Quash Set Aside, Motion Overruled, and Case Remanded.

. C.Cr.P. art. 578 provides for a prescriptive period of two years between the commencement of prosecution (here, the filing of the bill) and the commencement of trial in cases of non-capital felonies, such as simple escape from confinement in the custody of the Department of Corrections. R.S. 14:110.

. Indeed, it is questionable that prescription ever runs on an escape charge until the escapee is apprehended or surrenders himself. That question, however, need not be answered in this case.