447 So.2d 565 (1984)
STATE of Louisiana
v.
Earl SMITH.
Nos. 83 KA 0887, 83 KA 0975 and 83 KA 0976.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*566 Ossie Brown, Dist. Atty., District Attorney's Office, Baton Rouge, by Glen Petersen, Asst. Dist. Atty., for plaintiff-appellee.
David Price, Appellate Co-Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
The defendant, Earl James Smith, was charged with two counts of felony theft in violation of La.R.S. 14:67 and one count of forgery in violation of La.R.S. 14:72. Smith moved to quash these prosecutions alleging that the state failed to commence his trials within two years from the dates that the prosecutions were instituted. The trial court denied these motions. Smith pled guilty to the charges and reserved the right to appellate review of the trial court's ruling on the motion to quash. State v. Crosby, 338 So.2d 584 (La.1976). On the two theft charges, Smith was sentenced to serve seven years and two years at hard labor in the custody of the Louisiana Department of Corrections. On the forgery charge, he was sentenced to serve seven years at hard labor in the custody of the Louisiana Department of Corrections. The trial court directed that all three sentences would run concurrently with each other. This appeal followed.

*567 FACTS
On November 8, 1979, the state filed two bills of information against Smith alleging that he committed theft of cash of $1,500 on June 20, 1979 (cash theft), and theft of two tires valued at $162 on September 14, 1979 (tire theft). On January 9, 1980, bench warrants were issued for the arrest of Smith, and his bonds were forfeited in these two matters when he failed to appear for arraignment.
On February 22, 1980, the state filed a bill of information against Smith alleging that he committed forgery of a check on the account of Jean Bonin on August 6, 1979. On May 7, 1980, a bench warrant was issued for Smith's arrest in this matter when he failed to appear for arraignment.
On April 12, 1982, Smith was brought to court, and the bench warrants and bond forfeitures previously issued were recalled and set aside. Smith was arraigned on all three charges and pled not guilty.
On April 28, 1982, Smith filed motions for preliminary examination, bail reduction and discovery in the tire theft case. On May 13, 1982, Smith filed motions for preliminary examination, bail reduction and discovery in the cash theft and forgery cases.
On June 16, 1982, in the tire theft case, the trial court reassigned the preliminary examination for hearing on June 18, 1982, and heard arguments on the motion for discovery. Smith withdrew his motion for bail reduction, reserving the right to refile it at a later date. On June 18, 1982, the trial court held the preliminary examination on the tire theft case and determined that there was probable cause to hold Smith. The court also ruled that the motion for discovery had been complied with.
On July 26, 1982, the trial court considered the motions for preliminary examination, bail reduction and discovery in the cash theft case. Evidence was taken on the preliminary examination, and the court determined that there was probable cause to hold Smith. The court also ruled that the discovery motion had been complied with. Smith withdrew his motion for bail reduction.
On August 2, 1982, Smith filed a motion to quash the cash and tire theft charges alleging that the state failed to commence his trials within two years from the date of institution of the prosecutions as required by La.C.Cr.P. art. 578(2).
On September 14, 1982, the trial court considered the motions for preliminary examination, bail reduction and discovery in the forgery case. Evidence was taken on the preliminary examination, and the court held that there was probable cause to hold Smith. The court also denied the motion for bail reduction and ruled that the motion for discovery had been complied with.
On October 7, 1982, Smith withdrew the motion to quash filed in the two theft charges and filed a new motion to quash on the same grounds in all three charges. The trial of this motion was held on October 8, 1982. The only witness to testify at this hearing was Smith. Smith testified that his local address was 2050 Williamson Street, Baton Rouge, Louisiana. Smith went to California in December of 1979 and returned to Louisiana in 1980 to go to court. Smith was in jail in Ascension Parish for twenty-six months commencing February 19, 1980. In April of 1982, he was brought from the Ascension Parish Jail to the East Baton Rouge Parish Jail where he remained until he was transferred to the Hunt Correctional Institute (Hunt) in June of 1982. Smith was incarcerated in Hunt under the name of James Earl Jackson. Smith had been continuously in jail since February 19, 1980, except for two days when he had escaped from the Ascension Parish Jail. Smith was not asked nor did he give the dates of his escape and recapture. Smith testified that a hold had been put on him by the Nineteenth Judicial District Court while he was in jail in Ascension Parish. After receiving Smith's testimony, the court ordered briefs and took the motion to quash under advisement.
On November 24, 1982, the court held a second hearing on the motion to quash. Counsel for Smith was given an opportunity *568 by the court to orally respond to the state's brief. During the course of this response, counsel for Smith advised the court that there was no evidence in the record to support the statement made in the state's brief that Smith was recaptured from his escape from the Ascension Parish Jail on June 6, 1980. After additional argument on this point, the state attempted to offer Smith's "rap sheet" into evidence to substantiate the June 6, 1980 date. Counsel for Smith objected to the introduction and use of the "rap sheet." Thereafter, the following exchange took place:
The Court: Counsel, is there anyMs. Wilemon, is there any dispute on your part that the defendant did in fact escape from the Ascension Parish Jail during 1980?
Ms. Wilemon: That's probably true. I don't have any idea.
The Court: Well, it's included in his testimony in response to Mr. Petersen's questions in the Motion to Quash.
Ms. Wilemon: Yes, sir, I know that he escaped. I don't evenI don't think there was even a year though.
The Court: Pardon me?
Ms. Wilemon: I don't even think that there was a year attached to this time of escape according to my recollection of the testimony.
The Court: What's your understanding of the date of the escape approximately, Mr. Petersen?
Mr. Petersen: June 6th of 1980.
The Court: or thereabouts.
Mr. Petersen: That's the date of hisI put it this way. On June 6th of 1980 he was arrested for that escape which had occurred two days prior to that.
The Court: I'm going toI'm going to accept that as being a matter proved to the Court, and I'm going to interpret the statutes in line with the State's interpretation of what affect the defendant's pre-trial motions would have with respect to the running of time, and I'm going to deny the defendant's Motion to Quash.
Ms. Wilemon: Your Honor, we would object and ask for Writs on that ruling and ask for dates to have them returnable from the Appellate Court.
On June 1, 1983, the defendant changed his pleas from not guilty to guilty, reserved his right to appellate review of the trial court's ruling on the motion to quash and was sentenced.[1]

PRESCRIPTION
Smith contends that the state failed to commence his trial within the time period established by law, that the state has failed to properly prove an interruption of the prescriptive period and that the ruling of the trial court denying his motion to quash was error.
Charges of felony theft and forgery are prescribed if no trial is commenced within two years from the date of the institution of such prosecutions. La.C.Cr.P. art. 578(2). The cash and tire theft prosecutions were instituted on November 8, 1979, and the forgery prosecution was instituted on February 22, 1980. These prosecutions would have prescribed on November 8, 1981, and February 22, 1982, unless the prescriptive periods were interrupted or suspended. La.C.Cr.P. arts. 579 and 580.
When a prisoner escapes from custody, the period of limitation established by Article 578 is interrupted and commences to run anew from the date he is recaptured. La.C.Cr.P. art. 579; State v. Howard, 325 So.2d 812 (La.1976); State v. Montgomery, 257 La. 461, 242 So.2d 818 (1970). The state contends that the time limitation of Article 578 was interrupted when Smith escaped from the Ascension Parish Jail and *569 commenced to run anew when he was recaptured on June 6, 1980. The state further contends that the various pretrial motions filed by Smith suspended the time limitation and that it had one year after the last ruling to commence the trials. La.C. Cr.P. art. 580.
When the time limitation of Article 578 has apparently accrued, the burden shifts to the state to show an interruption or suspension of the prescriptive period. State v. Walgamotte, 415 So.2d 205 (La. 1982); State v. Guidry, 395 So.2d 764 (La. 1981).
Although Smith admitted that he escaped from the Ascension Parish Jail, he was not questioned about the date of the escape or the date of recapture. Although the state made reference to Smith's "rap sheet" at the hearing held on November 24, 1982, that document was not filed of record. Counsel for Smith strongly objected to the use of the "rap sheet" to show the date of recapture. The state has attached a copy of the "rap sheet" to its brief for our consideration. This court has no authority to receive or review evidence not contained in the trial court record. Title Research Corporation v. Rausch, 433 So.2d 1105 (La.App. 1st Cir.1983). In any event, the "rap sheet" attached to the state's brief is not certified as a record of the Louisiana Bureau of Criminal Identification and Information pursuant to La.R.S. 15:585, and the state has not laid the proper foundation to show that this document falls into the business records exception of the hearsay rule. State v. Phagans, 412 So.2d 580 (La.1982); State v. Perniciaro, 374 So.2d 1244 (La.1979); State v. Martin, 356 So.2d 1370 (La.1978).[2] The ruling of the trial court accepting the date of June 6, 1980, as the date of recapture after Smith's escape is in error.
When an error has occurred in an evidentiary ruling during a hearing on a pretrial motion, the motion should be remanded to the trial court for a reopened hearing to correct the error with competent evidence, if possible. Cf. State v. Jackson, 424 So.2d 997 (La.1982); State v. Edwards, 375 So.2d 1365 (La.1979). On the remand, the state has the burden to proceed and may only present competent evidence on the issues of interruption and suspension.

DECREE
Because of the erroneous evidentiary ruling of the trial court, we believe that the interest of justice requires that this case be remanded for a reopened hearing on the motion to quash. If the trial court finds that the motion to quash should be granted, the state may seek a supervisory writ to this court for our review of such adverse ruling and, in the absence of such, this appeal will be mooted; however, if the trial court reinstates its denial of the motion to quash, it is ordered to transmit to this court its ruling and the record of the reopened hearing on the motion to suppress, so this court may complete its review of the issue under the assignment of error previously made and any further ones made as a result of the ruling at the reopened hearing. The motion to quash is remanded to the trial court for further proceedings in accordance with the views and directions expressed by this opinion. In accordance with and subject to the directions expressed by this opinion, this court otherwise retains jurisdiction of this appeal.
REMANDED.
NOTES
[1] The record indicates that on January 17, 1983, the defendant filed a motion in proper person for preliminary examinations in all three charges. The record does not reflect that this motion was ever acted upon in the trial court. The court minutes indicate that Smith filed motions for bail reduction in proper person in all three cases, however, the record does not contain these motions or indicate the dates they were filed. The minutes reflect that the motions were denied in the cash theft and forgery cases on March 3, 1983. The minutes in the tire theft case do not reflect a disposition.
[2] The record does not reflect why the state failed to secure the appropriate witnesses and/or documents to meet its burden of proving the dates of the escape and recapture.