WATSON, Justice.
Defendant’s writ application[1] was granted to consider whether LSA-C.Cr.P. art. 583,[2] enacted after State v. Montgomery,[3] mandates a second trial within one year from a fugitive’s arrest when there has been an escape from jail prior to a new trial being ordered.
FACTS
The murder was committed on February 24, 1975, and Manchester was indicted for first degree murder on March 6, 1975. Tri *403 al commenced on September 18, 1975, less than a year after the indictment.
After being indicted and prosecuted for first degree murder with a co-defendant, Clifford McGraw, Valerie Manchester was convicted of second degree murder.[4] On November 5, 1976, while her appeal was pending, Manchester escaped from the Louisiana penitentiary at St. Gabriel. Her conviction and sentence were subsequently reversed for trial error and the matter remanded for a new trial on January 29, 1979.[5]
Defendant remained at large until January 10, 1985.[6] Her new trial was fixed for February 10, 1986, and then rescheduled for March 26, 1986. In the interim, on February 21, 1986, her attorney filed a motion to quash the proceedings on the ground that the one year limitation in LSA-C.Cr.P. art. 583 barred her retrial. The trial court denied the motion and the court of appeal refused to review the trial court’s action on the basis of State v. Montgomery.
LAW AND CONCLUSION
State v. Montgomery held that an escape interrupted the limitation period for prosecution of an offense and started a new period of limitation. See State v. Howard, 325 So.2d 812 (La., 1976). Montgomery relied on the language in LSA-C.Cr.P. art. 582 which provides for a second trial within one year or within the period established by Article 578,[7] whichever is longer. Subsequent to that decision, LSA-C.Cr.P. art. 583 mandated a new trial within one year after an inability to prosecute, as defined in LSA-C.Cr.P. art. 579, terminates.
LSA-C.Cr.P. art. 579, subd. A(l) refers to a defendant who intends to avoid “detection, apprehension, or prosecution;” that is, one who is avoiding arrest and prosecution. Section (2) applies to a defendant who is insane or beyond the court’s jurisdiction. Section (3) relates to a defendant who fails to appear at a proceeding, after actual notice. There is no evidence here of notice to Manchester. Manchester escaped from prison after conviction, while serving a presumptively valid sentence. Her situation cannot be equated with that of a defendant fleeing prosecution. As an escaped convict, she was not attempting to avoid prosecution within the meaning of Article 579. Since the interruption was not caused by Manchester’s insanity or absence from the jurisdiction and she was not attempting to avoid detection, apprehension, or prosecution, LSA-C.Cr.P. art. 583 does not apply. Manchester’s absence comes under Article 579, subd. A(2): the interruption occurred because her presence for trial could not be obtained.[8]
The capture of Manchester and her return to the jurisdiction, where a new trial was ordered after her escape, amounted to a re-institution of prosecution. Under *404 these circumstances, this second prosecution must be within the general rules established in LSA-C.Cr.P. arts. 582 and 578, which allow two years.
For the foregoing reasons, the judgment of the trial court refusing to quash the prosecution is affirmed and the matter is remanded for further proceedings.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
DENNIS, J., concurs for the reasons assigned by LEMMON, J.
CALOGERO, J., dissents and assigns reasons.

. State v. Manchester, 493 So.2d 1208 (La., 1986).

. LSA-C.Cr.P. art. 583 provides:
"The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists.”
LSA-C.Cr.P. art. 582 states:
"When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.”
LSA-C.Cr.P. art. 579 says:
"A. The period of limitation established by Article 578 shall be interrupted if:
"(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
"(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
“B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."

. 257 La. 461, 242 So.2d 818 (1970).

. Manchester’s conviction of second degree murder operates as an implied acquittal on the charge of first degree murder, Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981); Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and, United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), but, of course, does not bar her retrial for second degree murder. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

. State v. McGraw, 366 So.2d 1278 (La., 1979).

. The parties agree on this date, although it does not appear in the record.

. LSA-C.Cr.P. art. 578 provides:
"Except as otherwise provided in this Chapter, no trial shall be commenced:
"(1) In capital cases after three years from the date of institution of the prosecution;
"(2) In other felony cases after two years from the date of institution of the prosecution; and
“(3) In misdemeanor cases after one year from the date of institution of the prosecution.”
“The offense charged shall determine the applicable limitation.”

. Under federal law, an escaped prisoner is a fugitive from justice, and statutes of limitation are tolled while an escapee remains at large. 18 U.S.C.S. § 751(a); 18 U.S.C.S. § 3290; United States v. Bailey, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).