CALOGERO, Justice,
dissenting.
The materials from the Louisiana Law Institute, sponsors of La.C.Cr.P. art. 583, make clear that one purpose of the article was to cure a hiatus created by our previous decision in State v. Montgomery, 257 La. 461, 242 So.2d 818 (1970), when an escape has occurred after the time limits in La.C.Cr.P. art. 578 have run. See, Reporter’s Notes, Louisiana State Law Institute Advisory Committee meeting, November, 1971. The Law Institute materials also indicate that another purpose of Art. 583 was to change the “harsh” result in Montgomery, which held that an interruption of the time limitation for instituting prosecution after a new trial has been ordered starts a new general three-year prescription under Art. 578 running, if the interruption has occurred within that prescriptive period. As set forth in the Reporter’s Notes for November, 1971, p. 10, the Law Institute’s solution to both problems was to provide that "... interruption of the special time limitation where a new trial is granted always results in the beginning of a new owe-year period for bringing the defendant to trial.” [emphasis in the original].
Art. 583 therefore reflects the determination of the Law Institute and the legislature that one year is adequate time for commencement of the new trial, regardless of the nature of the charge. It is a settled rule of statutory construction that "... where two statutes deal with the same subject matter, they should be harmonized if possible, but ... if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” State ex rel. Bickman v. Dees, 367 So.2d 283, 291 *405-409 (La.1978). Once the defendant has been tried and convicted, the time limits in Art. 578 have served their purpose. If the defendant then escapes from custody, the state clearly may not retry him on the original charge until he has obtained an order granting him a new trial.[1] In that case, Arts. 582 and 583 give the state one year, or one year from the date any cause of interruption under Art. 579 ceases to exist, in which to retry the defendant, and one year only.
For purposes of Arts. 582 and 583, there is no rational reason to distinguish between those defendants who escape after conviction but before a new trial has been granted, and those defendants who have escaped after a new trial has been ordered. The majority opinion continues to follow the rationale of State v. Montgomery, supra, despite the plain wording of Art. 583, and despite the clearly expressed intent of its sponsors. I therefore respectfully dissent.

. The concurring opinion in this case declares that "[t]his Court certainly would not have ruled on defendant’s appeal if informed that she was at large." Just the contrary would seem to be the case. In State v. Falcone, 383 So.2d 1243 (La.1980), we noted that the new Code of Criminal Procedure, effective January 1, 1967, contained no provision comparable to former R.S. 15:548, which did provide for the dismissal of an appeal in the event the defendant flees from justice. In fact, the Reporter's Comment to La. C.Cr.P. art. 919 observes that the former provision was omitted from the Code 'because it [was] unfair to the defendant.” In Falcone, we therefore rejected the state’s suggestion to dismiss the appeal on grounds that the defendants had "skipped bail,” and considered the appeal on the merits. Falcone also noted that the Court had reached the same conclusion in State v. Lampkin, 253 La. 337, 218 So.2d 289 (1969), two years after adoption of the new Code of Criminal Procedure. If this issue had been raised in defendant’s appeal, State v. McGraw and Manchester, 366 So.2d 1278 (La.1979), we would likely have decided it the same way.