Dear Mr. Roberts:
I am in receipt of your request for an Attorney General's opinion on behalf of the Lafayette Parish School Board concerning school board investigation files. You have indicated that the widow of one of the Board's employees requested a copy of a grievance/sexual harassment investigation file when the investigation was ended due to the employee's death. You have asked that your opinion request be amended to address the following issue:
 1) Is the Lafayette Parish School Board legally obligated to provide the widow of an employee a copy of a grievance/sexual harassment investigation file when the investigation was prematurely ended with no final disposition due to the death of the accused employee?
The Louisiana Public Records Act which is located in L.S.A.-R.S. 44:1 sets forth the guidelines for determining what documents must be available for public access in accordance with LSA-R.S. 44:31. If this grievance/sexual harassment investigation file is determined to be a public record pursuant to LSA-R.S.44:1, you are concerned that this information would also be open for inspection by other individuals making the same request when the investigation has no final disposition.
LSA-R.S. 44:1 A(2) provides the following definition for public records. It states:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
LSA-R.S. 44:31 states the following concerning the right to examine records:
 Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
Public record statutes must be liberally construed so as to extend, rather than restrict, access to public records by the public. Title Research Corp. v. Rausch 433 So.2d 1105 (1st Cir. 1983). However, as discussed in Title Research, supra, the right to examine and obtain copies of public records is not absolute and unqualified, but must be determined in light of circumstances.
The Federal Freedom of Information Act, 5 U.S.C. § 552 b (6) exempts from public inspection all "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Similarly, our Public Records Act would not require disclosure of information that an individual has a reasonable expectation would remain private. Capital City Press vs. East Baton Rouge ParishMetropolitan Council, 95-1345 (La.App. 1st Cir., June 28, 1996),676 So.2d 793.
As stated in Attorney General's Opinion No. 79-242:
 We do not believe that the Legislature meant to include everything (e.g. memo, work papers) which any public official may happen to reduce to writing. It is our opinion that the statute, R.S. 44:1, includes only those writings which are used in the performance of the functions of the public body.
A public employee would have a reasonable expectation of privacy in an incomplete investigation of sexual harassment as either an alleged perpetrator or victim that would prevent its release under the Public Records Act in the factual situation at issue. Furthermore, such information was not used in the performance of any public business. Therefore, the Lafayette Parish School Board is not legally obligated to provide the widow of the employee a copy of the grievance/sexual harassment investigation file when the investigation was prematurely ended with no final disposition due to the death of the accused employee.
I hope this has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JAMES C. HRDLICKA ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
b:98-21.op