396 So.2d 1309 (1981)
STATE of Louisiana
v.
George UPTON.
No. 80-KA-2065.
Supreme Court of Louisiana.
April 6, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Sonia D. Peters, Jim McMichael, Asst. Dist. Attys., for plaintiff-appellee.
Jack D. Barnett, Shreveport, for defendant-appellant.
*1310 CHEHARDY, Justice ad hoc.[1]
By Bill of Information dated February 21, 1978, defendant Upton was charged with receiving stolen goods valued in excess of five hundred dollars ($500.00) a violation of La.R.S. 14:69. The defendant entered a plea of guilty to the reduced charge of attempting to receive stolen goods, a misdemeanor and a violation of La.R.S. 14:27; 14:69. Following a pre-sentence investigation, the trial court sentenced defendant to one year in Parish Prison (the maximum term provided by the statute). The sentence was suspended, conditioned on defendant spending six months in jail and defendant was placed on active probation for three years. Defendant appealed that sentence to this Court, urging that the trial judge erred in relying on prejudicial misinformation contained in the pre-sentence report, and erred further in denying him an opportunity to offer evidence in rebuttal. This Court vacated defendant's sentence, although on grounds other than those urged by counsel, and remanded for resentencing. See, State v. Upton, 382 So.2d 1388 (La. 1980). Upon remand, a formal resentencing hearing was held on June 23, 1980, and defendant was then sentenced to 11 months and 29 days in the parish jail.
Defendant now urges that he was not sentenced according to the guidelines established in La.C.Cr.P. art. 894.1 and that the sentence imposed was excessive. In application for writs, the defendant also urged that he was improperly denied access to the pre-sentence investigation report. Following this Court's granting of supervisory writs, defendant seems to have abandoned this argument as it is not addressed in brief. In any event, the record reveals that defense counsel did review the PSI and was given ample opportunity to rebut any information considered erroneous, prejudicial or misleading.
La.R.S. 14:27 and 14:69 provided that the punishment for the crime of which defendant was convicted is a fine of not more than two hundred dollars or imprisonment for not more than one year, or both. As noted above, on remand defendant was sentenced to 11 months and 29 days. Although this sentence is clearly within the statutorily defined limits, it is stiffer than the original sentence. As previously stated, defendant was originally sentenced to a one-year suspended sentence, conditioned on a six-month jail term and three years of probation. This Court found such a sentence illegal, as defendant may have been subject to more jail time than legislatively provided for the offense in question. See, State v. Upton, supra.
Although the defendant may serve a minimum of six months under the original sentence (though he was faced with the possibility of serving one and one-half years and three years of probation), he must serve 11 months and 29 days under the new sentence, which is certainly more severe.
This Court has noted that where a defendant receives a more severe sentence than that originally imposed, the reasons for the more severe sentence must appear in the record. State v. Franks, 391 So.2d 1133 (La.1980); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Rutledge, 259 La. 544, 250 So.2d 734 (1971).
The record reveals that at the conclusion of the sentencing hearing the district attorney and not the trial judge particularized reasons under La.C.Cr.P. art. 894.1 for defendant's sentence. Following additional argument by both the state and defense counsel, the trial judge summarized the sequence of events leading up to the resentencing. He noted defendant's challenge to information in the pre-sentence report and the fact that counsel for the defendant was given ample opportunity at the hearing to rebut the contents of the report. Upon imposition of the sentence, the judge stated:

*1311 "We are quite willing to have been able to afford Mr. Upton and his attorney this opportunity at this formal pre-sentence hearing since it gives us also the chance to look a little deeper into Mr. Upton's background. Now, in order to avoid any complications arising out of a suspended or probated sentence, which the Court might have otherwise given for the reasons more specifically expressed in this Court's sentence and reasoning of September 18, 1979, as well as the reasons just given and articulated by Ms. Peters, the district attorney, the Court therefore now sentences Mr. Upton to 11 months and 29 days in parish jail.
"He will be given credit for time served."
The record does not disclose that the trial judge gave sufficient explanation for the increase in penalty. Though the trial judge referred to the prior sentencing hearing, and adopted the district attorney's reasoning for imposition of a jail term under La.C.Cr.P. art. 894.1, he did not explain why the length of imprisonment was increased. The only reason given was to avoid complications with a suspended or probated sentence. The United States Supreme Court in North Carolina v. Pearce, supra, stated:
"Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."
Defendant Upton's effective jail term was doubled with little or no explanation. In light of the Pearce decision the trial judge's failure to articulate reasons for a more severe sentence necessitates a remand for resentencing.
It should be noted that were the defendant's sentence and remand not more severe, there would have been sufficient compliance with La.C.Cr.P. art 894.1. The PSI reveals that defendant is a 44-year-old white male with no prior record. Defendant was caught in possession of stolen property (i. e., various items of heavy equipment) valued at over $50,000.00. He was charged with receiving stolen goods valued in excess of $500.00, a ten-year felony offense, La.R.S. 14:69. He subsequently pleaded guilty to attempting to conceal stolen goods, a misdemeanor offense under all circumstances. The plea bargain was based on defendant's cooperation with authorities in other investigations. At the second hearing, Detective Kitchens testified that defendant Upton had in fact provided information to authorities which lead to the arrests of other individuals. At the conclusion of the second sentencing hearing, the trial judge in effect adopted the reasons articulated in the original sentencing procedure, considerations which were equally applicable on resentencing.
"THE COURT: That was attempted felony of receiving stolen goods over $500 value, this is a misdemeanor for which you can receive up to twelve months maximum sentence. Your pre-sentence investigation shows that you have no prior criminal convictions. The crime to which you plead guilty was not a violent crime, such as one of brutality against persons, however, the crime did involve machinery and equipment valued in excess of $50,000. Therefore, the Court feels that you are in need of some correctional treatment, or a custodial environment, that can be provided most effectively by your commitment to an institution, and furthermore a lesser sentence than will be pronounced would deprecate the seriousness of the crime. Your sentence then we hope will act as a general deterrent for any further criminal activities; it will as well act for the protection of the public."
Had this Court not determined that the second sentence is stiffer than the original illegal sentence, then it is clear that there was sufficient compliance with La.C.Cr.P. art. 894.1 guidelines. The reasons given *1312 would have clearly supported the sentence imposed. A sentence of 11 months and 29 days, though one day short of the maximum term provided by statute, would not have been excessive given the fact that defendant was actually caught with over $50,000.00 in stolen merchandise and was allowed to plead to a misdemeanor offense. Thus, the sentence would not have been grossly out of proportion to the severity of the crime, nor would it have been merely the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
However, since defendant Upton's sentence was doubled without articulated reasons for the more severe sentence as required by North Carolina v. Pearce, supra, we must vacate the sentence in this case and remand to the trial court for re-sentencing consistent with the guidelines laid down by Pearce and State v. Franks, supra.
NOTES
[1] Judges Garrison, Chehardy, and Barry of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Marcus, Blanche, and Lemmon.