544 So.2d 1204 (1989)
STATE of Louisiana
v.
Daniel A. SWAN.
Nos. 88 KA 0074, 88 KA 0075.
Court of Appeal of Louisiana, First Circuit.
May 16, 1989.
Rehearing Denied June 23, 1989.
*1205 Mark Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appelleeState.
Keith Whipple, Houma, for defendant and appellantDaniel A. Swan.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Daniel A. Swan (defendant) was charged by bill of information with six felonies: simple kidnapping, cruelty to a juvenile (two counts), illegal use of a weapon, aggravated criminal damage to property, and armed false imprisonment. These offenses are violations of LSA-R.S. 14:45, 93, 94, 55, and 46.1, respectively. He was also charged by bill of information with four misdemeanors: false personation, aggravated assault, and two counts of simple battery. These offenses are violations of LSA-R.S. 14:112, 37 and 35, respectively. Before trial, the charges of kidnapping and false personation were nolle prosequied. After a consolidated bench trial, defendant was found not guilty of armed false imprisonment but guilty as charged on the remaining seven offenses.[1]
For the first cruelty to a juvenile conviction, defendant received a sentence of ten years at hard labor and a fine of $1,000.00 plus court costs. For the second cruelty to a juvenile conviction and the aggravated criminal damage to property conviction, defendant received two sentences of ten years at hard labor. For the illegal use of a weapon conviction, defendant received a sentence of two years at hard labor. These sentences were imposed to run concurrently. The trial court suspended the sentences and placed defendant on supervised probation for five years, subject to the following special conditions of probation. Defendant must: (1) refrain from criminal conduct; (2) pay the fine of $1,000.00 plus court costs; (3) pay $100.00 to the Criminal Court's Operation Fund of Division A; (4) report to the Probation Division within 24 hours; (5) comply with all lawful conditions set by the probation officer; (6) make restitution to the Picou and Brossette families in an amount to be determined by the Division of Probation; (7) avoid any contact with the Picou or Brossette families; (8) remove from his home and automobile all firearms or other weapons for the duration of the term of probation; (9) continue psychiatric treatment as deemed necessary by Dr. Tom Olstead; (10) serve sixty eight-hour days of court-approved community service activity; and, finally, (11) pay a $15.00 per month probation supervision fee.
For the aggravated assault conviction, defendant received a sentence of six months in the parish jail and a $500.00 fine. For the two simple battery convictions, defendant received two sentences of six months in the parish jail. These sentences were imposed to run concurrently to each other and to the felony sentences, and were suspended. Defendant was placed on supervised probation for two years, provided that he pay the $500.00 fine and comply with all of the other special conditions of probation, as set forth above.[2]
*1206 Defendant has appealed, alleging three assignments of error. Originally we were unable to address defendant's assignments of error because we found an irreconcilable discrepancy between the minutes and the transcript. The minutes reflect that defendant was found guilty of illegal use of a weapon and sentenced for that offense; however, the transcript indicates that the trial judge, addressing the illegal use of a weapon charge, stated: "I therefore find him not guilty on that charge."
Normally, where there is a discrepancy between the minutes and the transcript, the transcript must prevail. State v. Lynch, 441 So.2d 732, 734 (La.1983). However, the statements made by the trial judge immediately preceding the above-quoted sentence seem to indicate that he found defendant guilty of illegal use of a weapon. Since the judge later sentenced defendant for this offense, it is possible that the judgment of "not guilty" in the transcript is the result of an error in transcription.
With an unpublished opinion rendered on October 12, 1988, 533 So.2d 1074, we remanded this appeal to the trial court with instructions to conduct a contradictory hearing to resolve a discrepancy between the minutes and the transcript. The trial court conducted a hearing and has cleared up this discrepancy to our satisfaction: it found defendant guilty of illegal use of a weapon.
Defendant has appealed,[3] alleging three assignments of error, as follows:
1. The evidence was insufficient to support defendant's felony convictions.
2. The trial court erred in imposing excessive sentences.
3. The assistant district attorney engaged in prosecutorial misconduct by subsequently filing a civil suit against defendant.
At approximately 5:00 p.m. on December 26, 1986, Floyd Picou, III, age fifteen, left his house in Houma, Louisiana, driving the family car, a Pontiac station wagon. He had permission to go out that evening. He picked up several friends, including Sean Brossette, also fifteen, and they went to several places, including a bowling alley. Floyd purchased some beer and later became intoxicated. After the other boys went their separate ways, only Floyd and Sean remained. Because Floyd was intoxicated, Sean, who had not consumed any alcohol, drove the Pontiac station wagon when they left the bowling alley at approximately 10:00 p.m. They decided to go riding around before going home; so they passed through their own neighborhood and entered defendant's subdivision, Lafayette Woods. As Sean drove through this subdivision, Floyd, who felt ill, was lying on the back seat. Sean purposely began striking garbage cans as they continued through the subdivision.
One of the garbage cans knocked over belonged to defendant's next door neighbor. According to defendant, when Sean struck this garbage can, it either hit defendant's house or came close and made a loud noise which frightened his children. Defendant's own garbage can had been struck the night before. Defendant went outside and saw the station wagon proceeding down the street. He got in his car and pursued it. Both Sean and Floyd testified that, during this chase, defendant fired a gun at them. Sean testified that he stopped the car because defendant pulled alongside and pointed a gun at him. Both boys testified that after they stopped defendant pulled them out of the station wagon one at a time and beat them. Defendant then made Floyd get in defendant's car and instructed Sean to follow them *1207 back to defendant's house in the station wagon. When they arrived, defendant made Sean pick up the trash. Defendant called both boys' parents and instructed them to come and pick up their sons. When their parents arrived at defendant's house, he told them that he was doing them a favor by letting them take the boys home instead of taking them to jail. The boys later informed their parents that defendant had chased them in his car, fired at them, and beaten them when they stopped. The station wagon had a bullet hole in the tailgate; and the rear window, which had been down inside the tailgate when the chase began, had been shattered. Rae Ann Picou, Floyd's mother, testified that her son-in-law, Timothy Sonier, dismantled the tailgate of the station wagon and removed a bullet.
Defendant testified that he chased the boys and forced them to stop after pulling alongside them and producing his deputy sheriff's badge. Defendant denied firing a gun at the station wagon and denied striking either boy during the entire incident.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends that there was insufficient evidence to support his convictions of cruelty to a juvenile (two counts), illegal use of a weapon, and aggravated criminal damage to property. To challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673 (La.App. 1st Cir.1984), State v. Korman, supra.
Defendant also contends that there was insufficient evidence to convict him of cruelty to either juvenile. In brief defense counsel states: "In looking at the pictures introduced in evidence by the State under a magnifying glass, the best undersigned counsel could detect was a tiny mark on the forehead on one of the boys and other than that picture there is no evidence as to any severe beating of either boy." He argues that the two boys fabricated the story about being mistreated in order to direct attention away from their own mischievous conduct that night. Defendant also contends that the trial court erred in concluding that defendant had fired at the station wagon because the ballistic tests run on the guns seized from defendant were negative.
The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Marshall, 479 So.2d 598, 603 (La.App. 1st Cir.1985). In finding defendant guilty of two counts of cruelty to a juvenile, the trial court indicated that it accepted Floyd's and Sean's testimony that defendant had pursued them in his car, fired at them, stopped them, beaten both of them, and forced them to return to his house. The trial court clearly rejected defendant's testimony that he had not beaten the boys or fired at the station wagon.
Concerning the aggravated criminal damage to property charge, we note that, contrary to defendant's argument in brief, the fact that the ballistics tests run on the weapons seized from defendant were negative does not mean that defendant did not shoot at their vehicle. In accepting the boys' testimony that defendant had fired at them during the chase, the trial court rejected defendant's testimony on this point and obviously concluded that defendant *1208 had hidden or disposed of the weapon he had used that night.
After a careful review of the record, we believe that a rational trier of fact, viewing all of the evidence as favorably to the prosecution as any rational fact finder can, could have concluded that the State proved beyond a reasonable doubt that defendant was guilty of aggravated criminal damage to property and two counts of cruelty to a juvenile. See State v. Mussall, 523 So.2d 1305 (La.1988). This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
Defendant contends that the trial court erred in imposing excessive sentences for the felony convictions. He states that the maximum sentence for each was imposed. This statement is not entirely correct. Defendant received the maximum sentence of two years at hard labor for the illegal use of a weapon conviction. See LSA-R.S. 14:94(B). He also received three concurrent sentences of ten years at hard labor for the two cruelty to a juvenile convictions and the aggravated criminal damage to property conviction. While ten years at hard labor is the maximum sentence for a conviction of cruelty to a juvenile, the maximum sentence for a conviction of aggravated criminal damage to property is fifteen years at hard labor. See LSA-R.S. 14:55 and 93. Nevertheless, we agree that the sentences imposed for these three felony convictions are excessive.
We are aware that defendant's sentences were suspended and he was placed on probation. However, should he violate any one of the eleven special conditions of probation, he might be required to serve the sentences imposed. In imposing these sentences, the trial judge stated both aggravating and mitigating circumstances. However, we believe that the trial judge did not give the proper weight to these factors, especially the fact that, according to the presentence investigation report, defendant had no prior criminal record whatsoever.
This court has stated that the maximum sentence permitted under a statute may be imposed only in cases involving the most serious offenses and the worst offenders. State v. Easley, 432 So.2d 910, 914 (La. App. 1st Cir.1983). Defendant had no criminal record, was married, and had two children, but he was unemployed because of medical problems. We conclude that the maximum sentence for these three convictions was excessive under the circumstances. Although defendant did not receive the maximum sentence for the aggravated criminal damage to property conviction, considering the circumstances of the offense and the mitigating factors in this case, we likewise conclude that a sentence of ten years at hard labor for the aggravated criminal damage to property conviction was excessive. Accordingly, these sentences are vacated; and the case is remanded to the trial court for resentencing in accordance with the views expressed herein.[4]
ASSIGNMENT OF ERROR NUMBER THREE:
Defendant contends that the assistant district attorney who prosecuted this case committed prosecutorial misconduct. He claims that, subsequent to his conviction and sentence, the assistant district attorney represented the Picous and Brossettes and filed in federal court a civil suit against defendant and the Terrebonne Parish Sheriff's Department. Defendant argues that *1209 the assistant district attorney violated the Rules of Professional Conduct in doing so. He contends that his conviction and sentence should be reversed on this basis, and he has attached a copy of the civil suit petition to his brief.
In answering this assignment of error, the assistant district attorney, in his brief to this court explains that he only filed the suit on behalf of the Picous and Brossettes because prescription on the claim was about to run. He further claims that he does not intend to continue his representation of the Picous and Brossettes and is seeking substitute counsel.
We accept the assistant district attorney's explanation that in order to protect the claimants' interests he filed the civil suit before the action prescribed. In any event, even were we willing to consider this issue, we would be unable to do so because there is nothing in the record upon which to base our review. See State v. Orgeron, 512 So.2d 467, 472 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988). Although defendant has attached a copy of the civil suit petition to his brief for our consideration, this court has no authority to receive or review evidence not contained in the trial court record. State v. Smith, 447 So.2d 565, 569 (La.App. 1st Cir.1984). This assignment of error is without merit.
Accordingly, we affirm the misdemeanor convictions and sentences; affirm cruelty to a juvenile (two counts), illegal use of a weapon, and aggravated criminal damage to property convictions, but vacate the sentences and remand to the trial court for resentencing in accordance with the reasons stated in this opinion.
MISDEMEANOR CONVICTIONS AND SENTENCES AFFIRMED.
CRUELTY TO A JUVENILE (2 counts), ILLEGAL USE OF A WEAPON, AND AGGRAVATED CRIMINAL DAMAGE TO PROPERTY CONVICTIONS AFFIRMED.
SENTENCES VACATED AND REMANDED.
NOTES
[1] In one bill, defendant was charged with six felonies. In another, he was charged with four misdemeanors. The charges in the two bills were consolidated for trial on a joint, oral motion by the prosecutor and defense counsel. These charges were improperly consolidated, since defendant was entitled to a jury trial on the felony charges but was only entitled to a bench trial on the misdemeanor charges. See LSA-C.Cr.P. arts. 493, 706, and 782. The improper consolidation of these charges is error patent on the face of the record. LSA-C.Cr.P. art. 920(2). Nevertheless, the improper consolidation of offenses for trial may be waived by the failure to object. State v. Mallett, 357 So.2d 1105, 1109 (La.1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979). Since defendant agreed to the consolidation of these charges and waived his right to a jury trial, he was not prejudiced by this improper consolidation of charges for trial.
[2] LSA-C.Cr.P. art. 493.1 provides:

Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.
Although defendant received three sentences of six months in the parish jail for the three misdemeanor convictions, since the sentences were imposed concurrently, rather than consecutively, the sentences did not violate Article 493.1.
[3] This appeal relates to both defendant's felony convictions and his misdemeanor convictions. Normally, misdemeanor convictions would not be appealable. Instead, defendant could petition an appellate court for a writ of review. However, when the charges in the two bills of information were consolidated, they became a single "case." Because defendant was entitled to a jury trial, upon conviction he was entitled to appeal the "case." See La. Const. art. I, § 17; La.C.Cr.P. arts. 706 and 912.1(B); State v. Comeaux, 408 So.2d 1099, 1103, 1104 (La.1981). Nevertheless, defendant's brief to this court addresses only the felony convictions in its discussion of the assignments of error. Therefore, the misdemeanor convictions and sentences are affirmed.
[4] In his excessive sentence argument, defendant also made a related argument that the trial judge erred in ordering him to pay $100.00 to the Criminal Court's Operation Fund of Division A. However, this argument is incorrect. La.C. Cr.P. art. 895.1(B)(2) authorizes such a payment as a condition of probation.

We note that, as one of the conditions of probation, the trial judge ordered defendant to pay restitution in an amount to be determined by the Division of Probation. The trial judge is authorized to order the payment of restitution when a defendant is placed on probation. La.C. Cr.P. arts. 895(A)(7) and 895.1(A). However, these articles require the trial judge to set the amount of restitution, and no codal provision gives the Probation Department concomitant powers. State v. Hardy, 432 So.2d 865 (La. 1983). Upon resentencing the defendant, should the trial judge decide to order the payment of restitution, he should set the specific amount of such payments.