CRAIN, Judge.
The defendant, Daniel A. Swan, was convicted of four felonies and three misdemeanors, as follows: cruelty to a juvenile (two counts); aggravated criminal damage to property; illegal use of a weapon; aggravated assault; and simple battery (two counts). He appealed. This Court affirmed the misdemeanor convictions and sentences and the felony convictions. However, we found the felony sentences to be excessive and remanded the case to the *156 trial court for resentencing. See State v. Swan, 544 So.2d 1204 (La.App. 1st Cir. 1989).
The trial court resentenced the defendant as follows. For the first cruelty to a juvenile conviction, the defendant received a sentence of six years at hard labor and a fine of $1,000 plus court costs. For the other cruelty to a juvenile conviction, the defendant received a concurrent sentence of six years at hard labor. For the aggravated criminal damage to property conviction, the defendant received a concurrent sentence of one year at hard labor and a fine of $500 and court costs. For the illegal use of a weapon conviction, the defendant received a concurrent sentence of one year at hard labor. All of the sentences imposed concurrently were suspended. The defendant was placed on supervised probation for five years with the following special conditions of probation. The defendant must: (1) serve two consecutive terms of three months in the parish jail; (2) refrain from criminal conduct during supervised probation; (3) pay all fines and court costs; (4) pay $100 to the Criminal Court Operation Fund of Division “A”; (5) report to the Probation Office within twenty-four hours of his release from jail; (6) comply with all lawful conditions of probation and make restitution to the Brossette and Picou families for medical expenses and automobile damages in the amount of $200 to each family; (7) avoid any contact with the Picou or Brossette families; (8) remove from his home and automobile all firearms or other weapons during the term of probation and as otherwise provided by law for a convicted felon; (9) receive evaluation for psychiatric treatment upon his release from jail; and (10) pay $15.00 per month to the Division of Probation to defray the costs of supervised probation.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, the defendant contends that the trial court erred by imposing excessive sentences on resen-tencing.
The facts of this case were set out in our previous opinion, which is cited above. Therein, we concluded that the trial court erred in imposing the maximum sentence of ten years at hard labor for each cruelty to a juvenile conviction, the maximum sentence of two years at hard labor for the illegal use of a weapon conviction, and ten years (out of a possible fifteen years) at hard labor for the aggravated criminal damage to property conviction. On resen-tencing, as noted above, the defendant’s sentences for these offenses were substantially reduced by the trial court. Considering the reduction in these sentences, and the facts and legal precepts contained in our previous opinion, we conclude that the instant sentences are not excessive.
This assignment of error is meritless. ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, the defendant contends that the trial court erred in requiring him to serve, as a condition of probation, a total of six months in the parish jail, when no such condition was required in the previous sentences. We agree.
The Louisiana Supreme Court has held that where a defendant receives a more severe sentence on resentencing, the reasons for the more severe sentence must appear in the record. State v. Upton, 396 So.2d 1309, 1310 (La.1981). See also State v. Franks, 391 So.2d 1133, 1137 (La.1980), cert. denied, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981).[1]
*157 Originally, and again on resentencing, the defendant received suspended sentences and probation. Furthermore, it is true that the defendant's sentences were substantially reduced on resentencing. However, it is equally true that on resen-tencing, the defendant received a total of six months in the parish jail as a condition of probation; yet no such jail term was required as a condition of his original sentence. At the resentencing hearing, the trial court gave no reasons for the requirement of a six month jail term as a condition of probation. There is no information in the instant record which would justify the addition of this jail term as a condition of probation. For the above reasons, this assignment of error has merit. Therefore, we shall delete those two conditions of probation requiring the defendant to serve a total of six months in the parish jail.
ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, the defendant contends that the trial court erred in ordering him to pay, as a condition of probation, $100 to the Criminal Court Operation Fund of Division “A”. Specifically, he contends that the Criminal Court Operation Fund of Division “A” is separate from the general Criminal Court Operation Fund for the 32nd Judicial District Court.
La.C.Cr.P. art. 895.1 B provides, in pertinent part:
When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
* * * * * *
(2) To the criminal court fund to defray the costs of operation of that court.
The trial court filed a per curiam with this court, explaining that the Criminal Court Operation Fund of Division “A” is indeed a separate fund from the general Criminal Court Operation Fund for the 32nd Judicial District Court. The trial court cited La.C.Cr.P. art. 895.1 B(2) as the authorization for such a separate criminal court operation fund. Finally, the trial court noted that this court has approved of the ordering of such payments as conditions of probation in the past.
While the validity of ordering the payment of money to a criminal court operation fund, as a condition of probation, has been previously upheld by this court,[2] the instant assignment of error represents the first occasion that a defendant has specifically complained of the unauthorized existence of a separate criminal court operation fund. In our view, Article 895.1 B(2) does not authorize the existence of a separate Criminal Court Operation Fund for Division “A” when there is a general Criminal Court Operation Fund for the 32nd Judicial District Court. However, contrary to the defendant’s argument, it is only the manner of payment which is unauthorized, not the payment itself. The condition of probation requiring the defendant to pay $100 to the Criminal Court Operation Fund of Division “A” is hereby amended. It is ordered that the defendant pay, as a condition of probation, $100 to the general Criminal Court Operation Fund of the 32nd Judicial District Court.
Accordingly, the instant convictions are affirmed. The instant sentences are amended and, as amended, affirmed.
CONVICTION AFFIRMED, SENTENCES AMENDED AND, AS AMENDED, AFFIRMED.

. Upton and Franks were based on the presumption of vindictiveness on the part of the sentencing authority announced in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Last year, Simpson v. Rice, the companion case to North Carolina v. Pearce, was overruled by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Alabama v. Smith found that the North Carolina v. Pearce presumption of vindictiveness should not apply when a sentence imposed after trial is greater than a previous sentence imposed after a guilty plea because more relevant sentencing information is usually available to the trial judge after a trial than after a guilty plea. Whether or not a presumption of vindictiveness applies (which now depends upon the procedural facts leading to the resentencing), the ultimate test is whether or not new, relevant sentencing information has become available to the *157 resentencing judge since the original sentence was imposed. In the instant case, the record does not reflect that any new sentencing information was presented to justify the addition of six months in the parish jail as a condition of probation.

. See State v. Swan, 544 So.2d 1204, 1208, n. 4 (La.App. 1st Cir.1989).