896 So.2d 1053 (2005)
STATE of Louisiana
v.
Keith A. GORDON.
No. 2004 KA 0633.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Writ Denied April 1, 2005.
*1056 Samuel D'Aquilla, St. Francisville, for Appellee, State of Louisiana.
Bertha M. Hillman, Thibodaux, for Defendant/Appellant, Keith A. Gordon.
Keith A. Gordon, St. Gabriel, Pro Se.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
*1057 WHIPPLE, J.
The defendant, Keith Gordon, was originally charged by bill of information with attempted distribution of marijuana, a Schedule I controlled dangerous substance, in violation of LSA-R.S. 40:966 and LSA-R.S. 14:27. A preliminary examination resulted in a finding of probable cause on the charge of attempted distribution of marijuana. The defendant filed a pro se motion for change of venue and a pro se motion for recusation of judge, and both motions were denied. The defendant also filed several other pro se motions, including, but not limited to, a motion to quash, a supplemental motion to quash, a motion to suppress evidence, a motion to suppress confession, and a supplemental motion to suppress evidence. All of the motions were denied.
Pursuant to a plea agreement, the defendant's charge was amended to allege the offense of introduction of contraband into a state correctional institution, in violation of LSA-R.S. 14:402 A. The defendant withdrew his previous plea of not guilty and entered a plea of nolo contendere to the amended charge pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The defendant was sentenced to four years imprisonment at hard labor. The trial court ordered that the sentence be served consecutive to any other sentence "currently being served or that may be served." The defendant's motion to reconsider sentence was denied.
The defendant now appeals, contending in a single counseled assignment of error that the trial court erred in denying the defendant's motion to suppress evidence. The following assignments of error were raised by the defendant pro se:
1. The trial judge erred in failing to allow the defendant due process and equal protection of the laws under the U.S. Constitution, the Louisiana Constitution of 1974, LSA-C.Cr.P. art. 362(1), (2), (3), (4) and (7) and LSA-C.Cr.P.. art. 701B(1) et seq.;
2. The trial judge erred in failing to allow the defendant the opportunity to have the charge(s)/case dismissed where the State of Louisiana deliberately delayed in not preparing a police report to the State's case against defendant;
3. The trial judge erred in failing to allow the defendant the opportunity to have the charge(s)/case dismissed where the State of Louisiana did not have any "fingerprints" or plans to appoint a handwriting analyst to examine the defendant's handwriting;
4. The trial judge erred in failing to allow the defendant the opportunity to have the charge(s)/case dismissed by displaying negligence and prejudice in denying the defendant's motions: motion to quash and its supplements, motion for change of venue, motion for recusation of judge, motion to suppress evidence and its supplements, and motion for a speedy trial, where the defendant was entitled to the relief sought under LSA-C.Cr.P. art. 362(1), (2), (3), (4), and (7), et seq. listed within motions;
5. The trial judge erred in failing to allow the defendant the opportunity to choose the guilty plea of his choice; the defendant [chose] to accept the Alford Plea (North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)), but was forced to accept the Crosby /Nolo Contendere Plea;
6. The trial judge erred in failing to allow the defendant relief where the defendant's arrest was circumvented; the Police/State violated the defendant's 4th amendment rights.
*1058 For the following reasons, we affirm the defendant's conviction and sentence.

STATEMENT OF FACTS
The defendant ultimately pled nolo contendere to the amended charge, and thus there was not a trial or full development of the facts herein. However, the following factual basis was established by testimony presented during the preliminary examination and the hearing on the defendant's motions to suppress. Captain Archer Lee of the West Feliciana Parish Sheriff's Office was contacted by officials of the Louisiana State Penitentiary concerning two packages containing marijuana that were sent to an inmate, Jameel Malik. The packages were received by the prison officials on February 4, 2002, and were labeled as "legal mail" and purportedly were sent by attorneys. According to Captain Lee, the names of actual attorneys were used, but the address shown on each package did not belong to either attorney.
Captain Lee advised the prison officials to delay contacting Malik regarding the packages and to place Malik on "mail watch" wherein his correspondence would be closely monitored. During the observation period, Malik mailed a letter to the defendant, stating that he had not received a package, but that he was pretty certain that prison officials had not received it because he had not been contacted regarding the package. This letter was addressed to the defendant by name (Keith Gordon) at the address of 2707 Bruxelles Street in New Orleans. Captain Lee indicated that the same address had been used as the return address on the purported legal packages that contained marijuana. In response, the defendant sent Malik a letter stating he had mailed packages to Malik, but that he did not know what had happened to them. The letter was typed and hand-signed with the name "Bo."[1] Captain Lee also testified that Malik's mother had mailed a letter to her son stating that the defendant told her he had mailed packages to Malik and that he did not know what had become of them.
The defendant was previously incarcerated in the Louisiana State Penitentiary and was released in November of 2000. The defendant's parole officer was contacted regarding these incidents, and the defendant was instructed by his parole officer to meet him at his office on March 13, 2002. The defendant, the defendant's parole officer, Master Sergeant Anderson of the Louisiana State Penitentiary, and Captain Lee were present during this meeting. Captain Lee stated that, on that date, the defendant appeared at the meeting wearing a shirt that had the name "Bo" on it. Captain Lee asked the defendant if he was referred to as "Bo" and the defendant confirmed that he was. Captain Lee advised the defendant of his Miranda rights and asked him if he would answer some questions. The defendant acknowledged that he understood his rights, agreed to answer questions, and signed a waiver of rights form. During the interview, the defendant admitted to mailing purported "legal mail" to Malik. Upon this admission, the defendant's parole officer placed him under arrest for having contact with the inmate, a violation of a condition of his parole. Captain Lee stated he had previously obtained a warrant for the defendant's *1059 arrest. Captain Lee left the warrant in the possession of the defendant's parole officer and placed a detainer on the defendant. The defendant was eventually charged with attempted distribution of marijuana and, ultimately, entered a plea of nolo contendere to the amended charge of introduction of contraband into a penal institution.

COUNSELED ASSIGNMENT OF ERROR AND PRO SE ASSIGNMENT OF ERROR NUMBER SIX
In the sole counseled assignment of error, the defendant avers that the trial court erred in denying the motion to suppress evidence. Specifically, the defendant argues that there was no probable cause for his arrest or evidence of a parole violation. The defendant contends that any evidence obtained as a result of the unlawful arrest is fruit of a poisonous tree. In the sixth pro se assignment of error, the defendant argues that his "arrest was circumvented" and that the police violated his Fourth Amendment rights. Defendant's pro se assignments of error one and four also note as error, without setting forth any further arguments, the trial court's denial of the defendant's motion to suppress evidence and supplemental motion to suppress evidence.
The Fourth Amendment to the United States Constitution and article I, § 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. LSA-C.Cr.P. art. 703 A. A trial court's ruling on a motion to suppress the evidence is entitled to great weight, considering the district court's opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Mims, 98-2572, p. 3 (La.App. 4th Cir.9/22/99), 752 So.2d 192, 193-94.
On appeal, the defendant's counseled brief notes that the defendant filed a pro se motion to suppress evidence, alleging:
1. The evidence to be used against the defendant whether physical or any form of statement or confession was not seized or obtained incidental to a valid arrest and/or search, inter alia; and,
2. That the evidence to be used against the defendant was seized or obtained as the result of unlawful arrest and search without warrant and without probable cause.
The counseled brief further notes that the defendant alleged in his supplemental motion to suppress that his constitutional rights were violated because the evidence was obtained by a parole officer based on reasonable suspicion rather than probable cause. In denying the defendant's motion to suppress evidence, the trial court stated, as follows:
Well, then as to that, I would deny the motion. There's no evidence that was taken from your person, Mr. Gordon. As far as this motion relates to evidence that was collected at Louisiana State Penitentiary, there is no expectation of privacy at the penitentiary that this Court is aware of, and to that extent your motion would be denied.
In response, the defendant argues in his supplemental appeal brief:
[W]here evidence of arrest obtained through or by a Parole Officer from the exclusionary rule would greatly increased (sic) the temptation for Police Officers to use the Parole Officer's broad authority to circumvent the 4th *1060 Amendment on defendant.[2]
On review, we find no error in the trial court's denial of the defendant's motions to suppress evidence. The defendant argues that because there was no probable cause to support his arrest, any evidence obtained as a result of the arrest should be suppressed. However, no evidence was obtained as a result of the defendant's arrest and the defendant herein does not contest the voluntariness of the statements given prior to his arrest.
In his pro se brief, the defendant appears to be arguing that his parole officer used his authority as a subterfuge to help another police agency. While it is well settled that a parole officer may not use his authority as a subterfuge to help another police agency that desires to conduct a search but lacks the necessary probable cause, see State v. Hamilton, XXXX-XXXX, p. 4 (La.App. 1st Cir.2/14/03), 845 So.2d 383, 387, writ denied, XXXX-XXXX (La.4/30/04), 872 So.2d 480, the defendant has failed to raise any meritorious argument reflecting any abuse of authority or subterfuge herein. As stated above, the evidence was not seized pursuant to a search of the defendant.
Moreover, the record establishes the existence, prior to the meeting with the defendant's parole officer and subsequent arrest of the defendant, of probable cause for law enforcement officers to believe that the defendant had committed a crime. Probable cause to arrest exists when the facts and circumstances, either personally known to the arresting officer or of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Fisher, 97-1133, pp. 7-8 (La.9/9/98), 720 So.2d 1179, 1184. Prior to the meeting with the defendant, the Louisiana State Penitentiary contacted Captain Lee regarding the mailing of two purported "legal mail" packages containing marijuana addressed to the inmate, Jameel Malik. The packages were intercepted by Louisiana State Penitentiary officials. During a period wherein Malik's outgoing and incoming mail was closely monitored, Malik mailed a letter to the defendant, stating that he had not received a certain package from the defendant. This particular correspondence was addressed to the defendant by name at an address that matched the return address on the purported legal packages containing the marijuana. Thus, prior to the meeting that culminated in the defendant's arrest, the police had probable cause to believe that the defendant had committed a crime.
We recognize that pursuant to Louisiana Constitution art. 1, § 5, the defendant had standing to challenge any violation of Malik's constitutional rights which adversely affected the defendant. See State v. Overton, 596 So.2d 1344, 1353 (La.App. 1st Cir.), writ denied, 599 So.2d 315 (La.1992). However, the defendant made no assertion of such standing or that Malik's constitutional rights were violated in any manner by the search of the inmate's incoming and outgoing mail, in either the motion to suppress hearing or in his briefs to this Court.
For the above reasons, we find that these assignments of error are without merit.

*1061 PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, THREE, FOUR, AND FIVE
Despite the impropriety of doing so, the defendant's pro se brief sets forth a combined argument for assignments of error numbers one, two, three, and five in one of the two argument sections. As ascertained from the combined argument, the essence of the defendant's first pro se assignment of error is that the trial court erred in denying the defendant due process and equal protection of the laws under the U.S. Constitution and Louisiana Constitution of 1974. In assignments of error numbers two, three, and five the defendant argues that the trial court erred in denying the defendant's motion to quash and its supplements, motion to suppress evidence and its supplements, and motion/demand for a speedy trial. As additional support for his claim of due process and equal protection violations, and that the motions should have been granted, the defendant further contends that the State failed to prepare a police report for the instant offense (pro se assignment of error number two); the State failed to collect fingerprint evidence or appoint a handwriting analyst to examine the defendant's handwriting (pro se assignment of error number three); and the trial court erred in failing to allow the defendant to plead guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), as opposed to State v. Crosby, 338 So.2d 584 (La.1976), (pro se assignment of error number five).
In the fourth pro se assignment of error, the defendant re-urges as error the trial court's denial of his motion to quash and its supplements, his motion to suppress evidence and its supplements, and his motion/demand for a speedy trial. He further argues that the trial court erred in denying his motion for change of venue and his motion for recusation of judge. The second argument section of the defendant's pro se brief is labeled as a combined argument for assignments of error numbers four and six. To the extent that defendant's mere listing of citations and cases can be construed as "argument" on his assignments of error, we find no merit to any of the arguments raised in support of the assignments of error.

Denial of Pretrial Motions
A plea of nolo contendere is equivalent to an admission of guilt and is treated as a guilty plea. LSA-C.Cr.P. art. 552(4); State v. Villarreal, 99-827, p. 4 (La.App. 5th Cir.2/16/00), 759 So.2d 126, 129, writ denied, XXXX-XXXX (La.3/16/01), 786 So.2d 745. While a plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings, a defendant may condition his plea, subject to acceptance by the trial court, upon the reservation for appellate review of specified pre-plea errors. State v. Aguillard, 357 So.2d 535, 537 (La.1978); Crosby, 338 So.2d at 588. The function of a Crosby plea is to permit a fair and efficient review of a central issue when the pre-plea ruling, if erroneous, would mandate reversal of any resulting conviction. The typical pre-plea ruling subject to a Crosby reservation is a motion to suppress inadmissible evidence illegally or unconstitutionally obtained which would mandate reversal of any conviction, in spite of the guilt or innocence of the accused. State v. Burns, 602 So.2d 191, 193 (La.App. 3d Cir.1992). In the present case, when the defendant entered his Crosby plea, the trial court identified the matters being reserved for appeal as: "issues that you have that the Court has been wrong in regard to your motions to suppress and so on" and "certain issues on some of these pretrial motions and so on and so forth." Although the following challenges to the denial of the defendant's pretrial motions were not *1062 specifically reserved in any detail at the guilty plea hearing, we elect to consider the defendant's arguments, all of which we conclude are without merit.

Denial of Motion To Quash and Supplements
Challenging the trial court's denial of his motion to quash and its supplements, the defendant argues that the charge he is now convicted of is a "non-existence [sic] offense" because the statute was "solely constructed affecting law enforcement officers." The defendant's motions to quash also raised issues regarding the defendant's right to a speedy trial.
A motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. LSA-C.Cr.P. arts. 531-534; State v. Perez, 464 So.2d 737, 739 (La.1985). In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Thomas, 28,790, p. 3 (La.App. 2nd Cir.10/30/96), 683 So.2d 1272, 1275, writ denied, 96-2844 (La.4/25/97), 692 So.2d 1081.
Pursuant to LSA-R.S. 14:402 A, no person shall introduce contraband into or upon the grounds of any state correctional institution. Louisiana Revised Statute 14:402 D(1), in pertinent part, defines contraband as any controlled dangerous substance as defined in LSA-R.S. 40:961, et seq. The bill of information herein, as amended, states that on or about the 4th day of February 2002, the defendant "knowingly and intentionally introduced into Louisiana State Penitentiary a controlled dangerous substance, classified in Schedule I, to-wit: marijuana." Thus, the bill of information herein clearly charges a valid offense. This portion of pro se assignments of error numbers one and four is without merit.
As to the alleged violation of his right to a speedy trial, the defendant cites LSA-C.Cr.P. art. 701 B(1) et seq. and attaches as support his motion to quash bill of information, motion to quash potential detainer/information, and motion to quash included as exhibits 7, 8, and 9, respectively. Although not addressed within the defendant's arguments on the assignments, the defendant states in the statement of issues that his constitutional right to a speedy trial was violated.
With regard to any speedy trial issues allegedly encompassed by the defendant's motions (or allegedly reserved for review on appeal), we note the defendant withdrew his motion for a speedy trial in open court on May 29, 2003. The defendant later re-filed the motion. The trial court did not formally deny the motion, but simply stated that the case was already scheduled for trial in September of 2003. Further, the defendant's counsel requested that the trial be postponed but the trial court denied such postponement. The defendant stated that he wanted to go to trial prior to September and the trial court proceeded, noting that the trial would take place in less than sixty days.
Louisiana Code of Criminal Procedure article 701, which provides the statutory right to a speedy trial, merely authorizes pre-trial relief. The remedy for a speedy trial violation under article 701 is limited to release from incarceration without bail or release of the bail obligation for one not incarcerated. Once a defendant *1063 has been convicted, any allegation of a violation is moot. See State v. Kelly, 92-2446, p. 18 (La.App. 4th Cir.7/8/94), 639 So.2d 888, 896, writ denied, 94-2087 (La.1/6/95), 648 So.2d 921; State v. Cowger, 581 So.2d 283, 286 (La.App. 5th Cir.1991). Therefore, the trial court properly denied defendant's motions to quash and supplements insofar as they were based upon a violation of article 701.
In addition to the limitations provided for by article 701, LSA-C.Cr.P. art. 578(2) provides for a two-year time limitation (from the date of institution of the prosecution) within which the trial of a defendant accused of a non-capital felony must be commenced. The defendant was charged on March 27, 2003, for an offense committed on February 4, 2002. Prior to the defendant's August 28, 2003 nolo contendere plea, the trial court set the defendant's trial for September of 2003, well within the time limitation. Thus, to the extent that defendant's motions were based on article 578(2), they were properly denied by the trial court.
Besides these statutory provisions, the right to a speedy trial is guaranteed by both the federal and state constitutions, U.S. Const. amendment VI; La. Const. art. 1, § 16, and the proper method for raising the claim of a denial of the constitutional right to a speedy trial is by a motion to quash. State v. Reaves, 376 So.2d 136, 137-38 (La.1979); see also State v. Davis, 95-1455, pp. 9-10 (La.App. 3d Cir.5/8/96), 677 So.2d 511, 515-516, writ denied, 96-1215 (La.11/1/96), 681 So.2d 1257. The defendant did not raise such constitution-based argument or claim below, within his motions to quash, nor during the hearing on such motions. Therefore, the defendant failed to preserve for appeal his claim that the State violated his constitutional speedy trial right in failing to timely commence his trial. Cf. State v. Buckley, XXXX-XXXX, p. 8 (La.App. 3rd Cir.3/5/03), 839 So.2d 1193, 1199, wherein the Third Circuit Court of Appeal concluded that the defendant was precluded from raising a constitutional speedy trial issue, but reviewed the defendant's claim out of an abundance of caution.
Nonetheless, we note that on appeal, the defendant in the instant case merely states that the "State violated defendant's 6th Amendment Right to a Speedy and Fair Trial," within his list of issues and questions of law. The defendant does not develop any argument or make any further reference to his constitutional right to a speedy trial within his assignments of error, the arguments in support thereof, or any other portion of his brief. Thus, we conclude that the defendant is not only precluded from raising this issue on appeal, he has failed to do so.

Denial of Motion to Suppress Evidence and its Supplement
The arguments presented pro se as to the trial court's denial of the defendant's motion to suppress evidence and supplemental motion to suppress evidence have been addressed above and are meritless.

Denial of Motion for Change of Venue
The defendant's motion for change of venue, in pertinent part, includes the following language:
[U]ndue influence would make a fair trial impossible because of defendant's pending lawsuits against the 20th Judicial District Court (Judges) with which relates to the same alleged evidence against him, where there exists a prejudice within the judge's mind of such a nature that a fair and impartial trial cannot be obtained in this Parish; ...
During the portion of the hearing regarding this motion, the defendant stated that he would not receive a fair trial "in this *1064 judicial system" because "I have a present suit pending in federal court." The defendant further stated that the pending suit was for false arrest. The trial court denied the motion.
A change of venue shall be granted when a defendant proves that, by reason of prejudice existing in the public mind, or for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending. LSA-C.Cr.P. art. 622. The requisite proof, however, demands more than a mere showing of public knowledge of the facts surrounding the offense. State v. Huls, 95-0541, p. 15 (La.App. 1st Cir.5/29/96), 676 So.2d 160, 171, writ denied, 96-1734 (La.1/6/97), 685 So.2d 126. In seeking a change of venue, the defendant must prove the existence of such prejudice in the community's collective mind that a fair trial is impossible. In deciding whether to grant a change of venue, the court shall consider whether the prejudice, the influence, or other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial. LSA-C.Cr.P. art. 622. Whether or not a defendant has made the showing required for a change of venue is a question addressed to the trial court's sound discretion, which will not be disturbed on appeal absent an affirmative showing of error and abuse of that discretion. Huls, 95-0541 at p. 15, 676 So.2d at 171.
In the instant case, the trial court did not abuse its discretion in denying the defendant's motion for change of venue. The defendant failed to establish any reason why a fair and impartial trial could not be obtained in the parish where the prosecution was pending. This portion of pro se assignment of error number four is also without merit.

Denial of Motion for Recusation of Judge
The defendant also cited a pending lawsuit as the basis for a motion for recusation of the judge herein. Specifically, the defendant contended, in pertinent part, as follows:
Defendant has launched a federal lawsuit (United States Eastern District Court-New Orleans) and a state lawsuit (Civil District Court-New Orleans) pending in said courts against the 20th Judicial District Court (Judges) in which relates to the same facts/evidence of the case sub judice.
However, during the hearing, the defendant acknowledged that his motion for recusation of the judge was based on whether or not his motion to quash would be granted by the judge. Given this basis, the trial judge properly denied the motion for recusation.
A trial judge shall be recused when he "[i]s biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial...." LSA-C.Cr.P. art. 671 A(1). There is a presumption that a trial judge is impartial, and in order to obtain a recusation based on bias, prejudice, and personal interest, the party seeking the recusation must establish more than conclusory allegations. State v. Spooner, 550 So.2d 1289, 1295 (La.App. 1st Cir.1989), writ denied, 566 So.2d 394 (La.1990).
In this case, the alleged basis in the defendant's motion for recusation of judge can, at best, be characterized as nothing more than conclusory. The defendant does not point out nor does the record indicate any particular words or conduct demonstrating any bias or prejudice on the part of the trial judge. Nor has the defendant presented any case law supporting his position. Moreover, the defendant *1065 failed to present any plausible argument regarding this motion at the hearing on his motions. As the defendant has failed to show or even allege any acts of bias or prejudice, we can discern no error in the denial of the motion for recusation. The portion of assignment of error four regarding the trial court's denial of the defendant's motion to recuse is likewise without merit.

Preparation of a Police Report
In the second pro se assignment of error, the defendant avers that this case should have been dismissed because the "State of Louisiana deliberately delayed in not preparing a Police Report to the State's case against defendant." We find that the defendant failed to expressly reserve his right to appeal this issue. State v. Crosby, 338 So.2d at 588 (La.1976). While this Court has generously interpreted the trial court's language concerning the defendant's reservations for appellate review to include all arguments regarding the defendant's pretrial motions, there is no language that can be interpreted as a reservation of this specific issue and this assignment presents nothing for our review. Moreover, we note that the trial court stated that the motion for production of the incident report for the instant offense would be satisfied. Thus, this argument also lacks merit.

Evidentiary Issues
In the third pro se assignment of error, the defendant avers that this case should have been dismissed because the State did not have any "fingerprints," nor any plans of appointing a handwriting analyst to examine defendant's handwriting. As previously stated, a plea of nolo contendere is equivalent to an admission of guilt. Thus, the defendant's plea by its nature admitted factual guilt and relieved the State of the necessity of proving it by a contested trial. See State v. Walter, 542 So.2d 586, 589 (La.App. 1st Cir.), writ denied, 546 So.2d 1222 (La.1989). Therefore, not only were these issues not reserved for review, the defendant rendered these issues moot by entering his nolo contendere plea.

Plea of Nolo Contendere
In the fifth pro se assignment of error, the defendant avers that the trial court erred in failing to allow him to plead nolo contendere pursuant to North Carolina v. Alford, as opposed to State v. Crosby. The defendant contends that at the time of his nolo contendere plea, he initially stated that he wanted to "take the plea under the Alford versus North Carolina case" and further stated that such a plea is "based upon I'm still maintaining my innocence, sir." At the outset, we note that in State v. Walters, 591 So.2d 1352, 1355 (La.App. 4th Cir.1991), the Fourth Circuit Court of Appeal, citing Alford, found that "[a]n `Alford' plea and a plea of `nolo contendere' have no significant constitutional distinctions and have the identical legal consequences." We further note that the defendant did not make reference to or mention this issue in any way in either argument section of his brief. A mere statement of an assignment of error in a brief is nothing more than a listing of the assignment and does not constitute briefing of the assignment. State v. Williams, 632 So.2d 351, 353 (La.App. 1st Cir.1993), writ denied, 94-1009 (La.9/2/94), 643 So.2d 139. Assignments of error which are neither briefed nor argued are considered abandoned. Uniform Rules  Courts of Appeal, Rule 2-12.4; State v. Blank, 2001-564, pp. 10-11 (La.App. 5th Cir.11/27/01), 804 So.2d 132, 139. Thus, this assignment of error is deemed abandoned.
Moreover, we note that the defendant ultimately indicated to the trial court that *1066 he wanted to reserve appellate review of certain pre-plea errors pursuant to State v. Crosby. After the trial court stated that the defendant would be able to plead pursuant to State v. Crosby, the defendant responded, in part, "If that's appealable, let's go with that plea then. I'll take that. I just wants (sic) that to be on record so that I can appeal certain things." Thus, the defendant herein did not contemporaneously object to, but instead acquiesced in, the trial court's acceptance of a Crosby plea rather than an Alford guilty plea. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of its occurrence. LSA-C.Cr.P. art. 841. Thus, the defendant likewise cannot raise this issue on appeal.
These assignments also lack merit.

DECREE
For the above reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
FITZSIMMONS, J., concurs in the result only.
NOTES
[1] "Bo" is spelled without an `e' in the record. The defendant's supplemental brief contains a purported copy of the letter and the name at the end of the letter appears as "Boe." However, this letter is not contained in the record, as it was not entered into evidence. This court has no authority to receive or review evidence not contained in the trial court record. State v. Swan, 544 So.2d 1204, 1209 (La.App. 1st Cir.1989). Nonetheless, we note the slight discrepancy in the spelling of the name.
[2] The defendant places this argument in the section for arguments on assignments of error numbers one, two, three, and five. However, clearly, the statement relates to the argument that the defendant attempts to raise in assignment of error number six. Although the defendant does include a section entitled "ARGUMENT ON ASSIGNMENT OF ERRORS # 4 & # 6," the defendant does not provide any further arguments on this issue.