NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-826

STATE OF LOUISIANA

VERSUS

CHAZ MICHAEL MATURIN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 20-183
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

CONVICTIONS AND SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED.

**Edward K. Bauman**
**Louisiana Apellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
**Chaz Michael Maturin**


**M. BoFill Duhé**
**District Attorney**
**Sixteenth Judicial District**
**M. Craig Colwart**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana 70560**
**(337) 365-4006**
**Counsel for Appellee:**
**State of Louisiana**

**FITZGERALD, Judge.**

In this appeal, Chaz Michael Maturin (Defendant) seeks review of his convictions and sentences for pornography involving juveniles under the age of seventeen and sexual abuse of an animal.

## PROCEDURAL HISTORY

In March 2020, Defendant was charged by bill of information with twenty counts of pornography involving juveniles under the age of thirteen in violation of La.R.S. 14:81.1(A)(1) and twenty counts of sexual abuse of an animal in violation of La.R.S. 14:89.3(A)(7).

Defendant initially pled not guilty to the charges, but ultimately entered into a plea agreement in open court. Defendant specifically pled no contest to one amended count of pornography involving juveniles under the age of seventeen and one count of sexual abuse of an animal. Pursuant to the agreement, the State dismissed the remaining charges and agreed not to file a multi-bill against Defendant.

After Defendant waived the sentencing delays, the trial court sentenced Defendant to six years at hard labor for pornography involving juveniles and four years at hard labor for sexual abuse of an animal. The sentences were ordered to be served concurrently. This appeal followed.

## LAW AND ANALYSIS

**I.     Errors Patent**

In accordance with La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

## II. *Anders* Analysis

Defendant's appeal counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The Louisiana Supreme Court differentiated an *Anders* brief from the typical appellate brief in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241. There, the supreme court explained that "'[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief,' the *Anders* brief must 'assure the court that the indigent defendant's constitutional rights have not been violated.'" *Id*. at 241 (quoting *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902 (1988)).

The *Anders* brief here initially states that there are no non-frivolous issues on which an appeal could be based. The brief notes that Defendant pled no contest pursuant to a plea agreement with the State. "A plea of nolo contendere is equivalent to an admission of guilt and is treated as a guilty plea." *State v. Gordon*, 04-633, p. 9 (La.App. 1 Cir. 10/29/04), 896 So.2d 1053, 1061, *writ denied*, 04-3144 (La. 4/1/05), 897 So.2d 600. According to the brief, Defendant pled no contest in exchange for a sentencing cap—six years at hard labor for pornography involving juveniles and four years at hard labor for sexual abuse of an animal—and the dismissal of the other charges. The brief then correctly points out that Defendant is now precluded from seeking review of his sentences because they were imposed in conformity with the plea agreement. La.Code Crim.P. art. 881.2(A)(2) ("The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.").

Defense counsel's *Anders* brief also acknowledges that Defendant was represented by a court-appointed attorney at the time of the plea agreement, that

Defendant was properly advised of his constitutional rights prior to pleading no contest, and that Defendant knowingly waived those rights prior to his plea. Thus, Defendant's unconditional plea waived all claims for review, including non-jurisdictional pre-plea defects. *State v. Johnson*, 19-2004 (La. 12/11/20), 314 So.3d 806.

The *Anders* brief submitted in this case assures us that Defendant's constitutional rights have not been violated. However, our review does not end here. A proper *Anders* analysis imposes specific requirements on our independent review of the record. The fourth circuit addressed these requirements in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), explaining as follows:

> This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.

With this in mind, we have performed a thorough review of the record, including the bill of information, minute entries, pleadings, and transcripts. And our review has revealed no issues that would support any assignment of error on appeal.

## DISPOSITION

For the above reasons, Defendant's convictions and sentences are affirmed; and the motion to withdraw filed by Defendant's appeal counsel is granted.

**CONVICTIONS AND SENTENCES AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.